United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-51283
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

BERNARDINO GARCIA-ALVAREZ,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-03-CR-1160-ALL-PM
--------------------

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

      Bernardino Garcia-Alvarez appeals his sentence for

possession with intent to distribute 50 kilograms or more of

marijuana, in violation of 21 U.S.C. § 841.  He argues that the

waiver-of-appeal provision in his plea agreement is invalid and

that the court clearly erred in denying him a two-level reduction

in his offense level pursuant to U.S.S.G. § 3B1.2(b).

      The district court did not explain the waiver-of-appeal

provision to Garcia at the guilty-plea hearing to insure that

_____

      [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Garcia understood the consequences of the waiver, nor did the court ask him whether he had read the plea agreement and understood it.  See <u>United States v. Robinson</u>, 187 F.3d 516, 517 (5th Cir. 1999).  Therefore, the waiver was not knowingly and voluntarily made.  <u>See</u> <u>id</u>.

The district court did not misapply the guidelines nor clearly err in determining that Garcia was not entitled to an adjustment based on his role in the offense.  Garcia has not shown by a preponderance of the evidence that there was another person involved in the offense.  <u>See</u> <u>United States v. Brown</u>, 54 F.3d 234, 241 (5th Cir. 1995); U.S.S.G. § 3B1.2, comment. (n.2).  Nor has he provided any evidence to rebut the probation officer's finding that there was no information to substantiate or corroborate the existence of a more culpable person in this transaction.  Therefore, it was not clear error for the court to adopt that finding.  <u>See</u> <u>Brown</u>, 54 F.3d at 241.

AFFIRMED.